VALENTINE *et al.*, Appellants, *v.* E. W. DECKER, Assignee, Respondent.

<div style="float:right">43  588<br>d82a  49<br>43  583<br>d161  138</div>

1. *Voluntary Assignment — Attachment — Attachment creditor claiming pro rata distribution.* — In case of a voluntary assignment under the statute, it is not necessary that an express assent should be given on the part of the creditor to enable him to take under the assignment. This consent will be presumed. But the presumption is not absolute or conclusive, and he may, if he will, reject or repudiate an assignment. But he cannot claim a benefit under it, and at the same time attack it for fraud and attempt to destroy its validity. He must make his election, and either take under it or disclaim it. A creditor cannot attach property in the hands of an assignee, and afterward claim a distributive share under the assignment.

*Appeal from St. Louis Circuit Court.*

*Geo. P. Strong,* with *Ledergerber, Bowman,* and *Colcord,* for appellants.

*Krum & Krum,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

Wiggin & Crowther, a mercantile firm doing business in the city of St. Louis, being in embarrassed circumstances and having a stock of goods in store, made an assignment, in accordance with the provisions of the statute of this State, to E. W. Decker, of all their goods, chattels, and effects, of whatever nature, in trust for the equal benefit of their creditors, share and share alike. The assignee gave bond in compliance with law, took possession of the property, filed an inventory of the assigned effects in the clerk's office of the Circuit Court, appointed appraisers to appraise the property; notice was duly published, and all the proceedings were regularly conducted. With full notice of these facts, Valentine & Co., the appellants, commenced an action

of attachment against Wiggin & Crowther, and directed the sheriff of St. Louis county to levy the attachment writ upon the stock of goods assigned, which were in the possession of the assignee; and the sheriff, acting under the direction of Valentine & Co., sold the goods so taken out of the assignee's possession, to satisfy their debt.

After the goods were taken out of his possession, the assignee filed his written notice with the sheriff, claiming the same, but Valentine & Co. refused to release them, and gave an indemnifying bond to the officer and ordered him to proceed with the sale. Suit was subsequently brought on this bond by the assignee, and the same is still pending and undetermined. On the day appointed for the allowance of demands of the creditors before the assignee, the creditors appeared, and their demands were adjusted and allowed—the indebtedness exceeding the assets assigned. Valentine & Co. also presented their demand, the same upon which they had taken and sold the goods. The other creditors objected to the allowance of the demand, and the assignee rejected it. They then appealed to the Circuit Court, where the demand was again rejected and the decision of the assignee approved, and the matter is now brought here. The real point presented is whether Valentine & Co., by their attachment suit, taking the property out of the hands of the assignee and selling the same, are precluded from claiming any benefit in the assignment.

It is not necessary that an express assent should be given on the part of the creditors to enable them to take under an assignment. Where an assignment is fair and valid, the legal estate or title will pass to the assignee without any assent expressed by the creditors, and neither a subsequent judgment or lien creditor will acquire any interest in the property assigned; nor can he attack the assignment unless upon the ground of fraud. This doctrine flows from the common-law rule, that it is not necessary to the creation of a trust by deed, in favor of any persons, that the *cestui que trust* should either be a party or assent to it. If the trust be for his benefit, the law presumes his assent to it till the contrary is shown. "Deeds of trust," observed Chief Justice Marshall, "are often made for the benefit of persons who are

absent, and even for persons who are not in being. Whether they are for the payment of money or for any other purpose, no expression of the assent of the person for whose benefit they are made has ever been required as preliminary to the vesting of the legal estate in the trustee. Such trusts have always been executed on the idea that the deed was complete when executed by the parties to it." (Brooks v. Marbury, 11 Wheat. 78.) But where, although a deed be made for a party's benefit, his assent will be presumed, still this presumption is not absolute or conclusive, for the law will not force a party into a contract against his will. Therefore he may, if he will, reject or repudiate an assignment; and he cannot claim a benefit under it, and at the same time attack it for fraud and attempt to destroy its validity. He must make his election, and either take under it or disclaim it. He cannot be allowed to assail it when he thinks it is for his advantage so to act, and the next moment turn around and seek its benefits. If he desires to avail himself of whatever good there is in it, he must take the bad also. To sanction the action of the appellants in this case would be to uphold injustice, and commit wrong upon the other creditors. They must be held responsible for their acts and the consequences necessarily flowing therefrom. When they sued out their attachment, and took the goods from the possession of the assignee, they attacked the validity of the assignment, and attempted to exclude and deprive all the other creditors of their distributive shares. If they succeed in their proceeding, they swallow up and appropriate the assets; but, if they fail, can they be permitted, after having sacrificed the goods, perhaps at forced sale, and accumulated costs by their litigation, to come in on an equality with the other creditors for a *pro rata* share? The very proposition is monstrous, and its bare statement carries with it a sufficient refutation. If such a course is approbated it will hold out inducements to creditors to attach, and, if they are successful, they will sweep the entire estate, to the total exclusion of all others; if not successful, they lose nothing, for they come in equally with the others. Such proceedings can meet with no favor in a court of justice.

Judgment affirmed. The other judges concur.