PHILO C. MILLS et al. *v.* J. FOSTER PARKHURST, Assignee, etc., REUBEN O. SMITH et al., Appellants.

The doctrine of election of remedies applies to cases where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right; in such a case the party having resorted to one remedy is bound by his first election and is barred from the prosecution of the other.

An assignment for the benefit of creditors is in no sense a contract between the debtor and his creditors, and does not depend for its validity in law upon their assent; where the debtor has acted without fraud in fact or in law and has complied with the requirements of the statute, the assignment will stand notwithstanding the opposition of a creditor, and by such opposition the latter is not deprived of his right to a distributive share under it.

Neither the bringing, therefore, of an action, by creditors to set aside such an assignment on the ground of fraud, nor the pendency thereof deprives them of a right to come in and share in the distribution of the assigned estate under the assignment.

As to whether the doctrine of election would apply so as to preclude a creditor who has come in under the assignment from thereafter assailing its validity, *quære*.

(Argued February 26, 1891; decided March 20, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 14, 1890, which modified, and affirmed as modified, a judgment entered upon an order of Special Term, con- firming in part the report of a referee.

The appellants, being judgment creditors of Henry W. Perine, an insolvent debtor, brought an action to set aside an assignment made by him for the benefit of his creditors, as fraudulent, in which they were eventually defeated. Before the action was commenced they had made proof of their claims before the assignee. The deed of assignment provided for certain preferences in payments from the assigned estate, but these appellants were not among the creditors preferred. The present action was brought on behalf of the creditors to compel the assignee to account and for a distribution of the assets in his hands. A reference was therein ordered to a referee to ascertain and report the amount due to each of the creditors, who should come in under the order and seek the benefit of this action. Appellants appeared by counsel before the referee, but protesting and giving notice that they waived no rights or remedies theretofore . exercised, or that might thereafter be insisted upon. At that time an appeal was pending to this court for the judgment in their action, which upheld the validity of the assignment and objections were made by other creditors to the allowance by the referee of the appellants' claims, upon the ground that they were proceeding in hostility to the assignment in prosecuting their other action. The referee, however, allowed the claims, on the theory that by appearing and refusing to withdraw their claims there was an election to participate in the accounting. Upon the coming in of the referee's report the court, at Special Term, sustained the exceptions of the creditors to the allowance of the appellants' claims on the ground stated, and the court at General Term affirmed that decision.

Further facts are stated in the opinion.

*Benjamin S. Harmon* for appellants. The doctrine of election is not applicable in the premises. (2 Herman on Est. 1165 ; *Talcott* v. *Hess,* 4 N. Y. S. R. 62 ; *Woodward* v. *Harlow,* 28 Vt. 338 ; *Jewett* v. *Woodward,* 1 Edw. Ch. 195 ; *Steinfeld* v. *Simonson,* 44 Hun, 429 ; *Fowler* v. *B. S. Bank,* 113 N. Y. 450 ; *Spears* v. *Mathews,* 66 id. 127 ; Code Civ.

Pro. §§ 1327–1332; *Banker* v. *White*, 58 N. Y. 204; *White* v. *White*, 72 id. 149; *Kerr* v. *Blodgett*, 48 id. 65.) If any election became necessary at the time of the proceedings before the referee herein, then appellants elected to share under the assignment. (*Hone* v. *Henriquez*, 13 Wend. 240; *Woodward* v. *Harlow*, 28 Vt. 228; *Swanson* v. *Tarkington*, 7 Heisk. 612; *Busby* v. *Finn*, 1 Ohio, 409; *Maynard* v. *Maynard*, 4 Edw. Ch. 711; *Loney* v. *Bayley*, 45 Md. 447; *Pratt* v. *Adams*, 7 Paige, 615, 641.) The appellants elected to share under the assignment before the bringing of the action to set that assignment aside, and all subsequent acts upon the part of said appellants, inconsistent with said election, are of no effect. (*Rapalee* v. *Stewart*, 27 N. Y. 310; *Morris* v. *Rexford*, 18 N. Y. 552, 557; *Moller* v. *Tuska*, 87 id. 166; *Fowler* v. *B. S. Bank*, 113 id. 450; *Kinney* v. *Kiernan*, 49 id. 164, 169.) In equity partnership debts are primarily payable out of partnership assets, and individual debts out of individual assets, and each class of debts is entitled to a preference over the other as respects the distribution of the corresponding fund. (*Davis* v. *Howell*, 23 N. J. Eq. 72; *Wilder* v. *Keeler*, 3 Paige, 166; *In re Reiser*, 19 Hun, 202; *Murril* v. *Neill*, 8 How. Pr. 96.) The above principle once established, its application can be prevented only by express and unmistakable directions to the contrary in the instrument of assignment itself. (*Crook* v. *Rindskopf*, 105 N. Y. 476.)

*Humphrey McMaster* for respondents. The appellants, by bringing and prosecuting to judgment their action to set aside the assignment as fraudulent, have elected to repudiate the assignment and cannot share in the distribution under it. (*Fowler* v. *B. S. Bank*, 113 N. Y. 457; *Morris* v. *Rexford*, 18 id. 552; *B. F. Co.* v. *Cox*, 106 id. 555; *Conrow* v. *Little*, 115 id. 387; *Terry* v. *Munger*, 121 id. 161; *Iselin* v. *Henlein*, 16 Abb. [N. C.] 73, 81; *N. E. Bank* v. *Lewis*, 8 Pick. 113; *Valentine* v. *Decker*, 49 Mo. 583; *Geisee* v. *Beall*, 3 Wis. 367; *Moller* v. *Tuska*, 87 N. Y. 166, 169; *Strong* v. *Strong*, 102 id. 69, 73; *Kennedy* v. *Thorpe*, 51 id. 174; *Jose-*

*lin* v. *Cowe*, 52 id. 90 ; *Acre* v. *Hotchkiss*, 97 id. 397 ; *F. Ins. Co.* v. *Lawrence*, 14 Johns. 55 ; *Rodermand* v. *Clark*, 46 id. 354 ; *In re Holbrook*, 99 N. Y. 539–546 ; *Cavenaugh* v. *Morrow*, 67 How. Pr. 241, 245 ; *Scavy* v. *Potter*, 121 Mass. 297 ; *Ormsby* v. *Dearborn*, 116 id. 386 ; *Schiffer* v. *Dietz*, 85 N. Y. 300 ; *Rapalee* v. *Stewart*, 27 id. 310 ; *McConnell* v. *Sherwood*, 84 id. 531 ; *Hone* v. *Henriquez*, 13 Wend. 240.)   Even if the appellants were entitled to share in the distribution, they would not be entitled to preference over the other creditors of Perine & Co.   (*Crook* v. *Rindskopf*, 105 N. Y. 476 ; *Merrill* v. *Mill*, 8 How. [U. S.] 414 ; *Bagley* v. *Born*, 105 N. Y. 171 ; *Smith* v. *Howard*, 20 How. Pr. 121–124 ; *Becker* v. *Peonard*, 42 Hun, 221–224 ; *Haynes* v. *Brooks*, 42 id. 528, 529 ; *Meech* v. *Allen*, 17 N. Y. 300–302 ; 1 Story's Eq. Juris. § 553 ; *Mead* v. *Phillips*, 1 Sandf. Ch. 83 ; *Boardman* v. *Halliday*, 10 Paige, 123 ; *Grover* v. *Wakeman*, 11 Wend. 187.)

Gray, J.   The first of the two questions, which were presented, relates to the right of the appellants to come in and share in the distribution of the assigned estate, and the argument against their right is that, in bringing and prosecuting the action to set aside the assignment as fraudulent, they had thereby elected to repudiate the assignment.   The doctrine of election, which has been thus far successfully invoked in support of the argument, does not seem to be applicable to such a case and no authority is found warranting its application.   The learned justices, who considered the question at the Special and General Terms, were influenced in their conclusions by the supposition that these appellants were pursuing two remedies upon their claims against their debtor Perine, and that, though direct authority might be wanting upon precisely such a case, yet analogy with adjudged cases, which hold that inconsistent remedies may not be availed of, or concurrently pursued, required the application of the doctrine of election in this instance.   If the definition of the legal position taken by these appellants was correctly assumed below, we should have nothing to say and could not add to the opinions.   But we

cannot agree with them in their view of the situation of the parties. The elements required to make out a case of election were wanting. The doctrine of election, usually predicated of inconsistent remedies, consists in holding the party, to whom several courses were open for obtaining relief, to his first election ; where subsequently he attempts to avail himself of some further and other remedy not consistent with, but contradictory of, his previous attitude and action upon his claim. The basis for the application of the doctrine is in the proposition that where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other. An extended citation of authorities illustrating the principle, in cases of breaches of contract, or of a duty imposed by the law, would be unprofitable here, because of many recent decisions of this court and because not needed in the present discussion. Where parties are under some contract, or the case is one of a deed or will, an election is deemed to be made where there has been an acceptance of a benefit, under the one or the other, and the party benefited will not be heard to raise the question of validity, nor to insist upon some other but inconsistent legal rights, however well founded. So it is conceivable that the rule may be so extended as to apply to the case where a creditor comes in under an assignment by his debtor for the benefit of creditors, in such way and with such attitude as should preclude him from thereafter assailing its validity. But, how can the converse of the proposition be sustained ? The assignment by an insolvent debtor is involuntary as to creditors, in the application of his assets to their claims and, it may be, unequal as well as unjust as to some, and it is of no effect if fraudulently made, within the meaning of the law. Shall the creditor, for endeavoring to set it aside on legal grounds, if unsucessful, be held incapable of receiving his share of the debtor's assets ? Such a rule could not be based upon equitable principles. It would come so near to lending aid and encouragement to attempts at fraudulent assignments as to render its adoption impossible.

The assignment is not like a gift of property upon conditions, open to the acceptance or rejection of the donee. It is a payment by the assignor of his debts upon his own plan. The deed of assignment is in no sense a contract between the debtor and his creditors and it does not depend for its validity in law upon their assent. It is a means or mode which the statute permits to be adopted by an insolvent debtor, for the distribution of his estate among his creditors and so long as he has acted without fraud, in fact or in law, and has complied with the prescriptions of the act, his conveyance to an assignee, for the purposes stated therein, will stand and be effective. If the distribution is to be made unequally among the creditors, and some are preferred to others in payment, the assignment is not viewed by the courts with any favor, and is only tolerated and upheld, when all conditions are met for the prevention of fraud. (*Nichols* v. *McEwen*, 17 N. Y. 22.) The debtor's proceeding sets at naught whatever elements of superiority the non-preferred creditor's claim may possess, as it may nullify the results of any diligent effort on his part to secure his debt. It compels him to submit to inequality in payment and to take his *pro rata* share of the estate, unless he discovers and can establish its invalidity.

But if he believes himself possessed of proof invalidating the assignment, he is not debarred from attacking it and endeavoring to set it aside. He is then but insisting upon his general right to be paid his judgment in the order of its priority and on what principle should his endeavor in that direction prevent him from proving and establishing his right, in any event, to his share in the assigned estate, which the assignee must be deemed to be holding in trust for him and all other creditors under the debtor's deed? The creditor may not feel any more hostility to the debtor's proposed distribution of his estate when he sues to annul it, then he did before. The bringing of the suit is merely the hostility on his part pronounced in legal procedure. The learned justice, delivering the opinion at the General Term, conceded that where an action to set aside the assignment had been brought and was unsuccessful and had

terminated, an election would not be held to have taken place. How does the mere pendency of the action affect and change the situation? What is the attitude of the parties? The debtor has transferred his estate to another, upon the trust that he distribute it, in the manner provided in the deed, to and among his creditors. The assignee is a trustee, whose duty it is to make that distribution. A creditor's only alternative, if he is not content to take what would thus come to him, is to endeavor to set aside the deed of assignment; if he deems himself possessed of the requisite evidence of its invalidity at law. If there is any election for him to make, it can only be with respect to what remedies may be available to him in order to right himself upon his judgment against the assignor and to avoid the assignment.

We think, therefore, that this was not a case of election of remedies, and that, in endeavoring to set aside the deed of assignment, in order to render their judgments effective, the appellants were testing and contesting the legality and validity of their debtor's act and disputing its binding force upon them; as they had a legal right to do. It was a course that recognized the debtor's deed, but set up the existence of grounds for holding it voidable and, therefore, not compulsory upon the creditor. It in no wise militated against the right of the appellants, if defeated upon that issue, to share in the assigned estate, on the basis of distribution provided in the debtor's deed to his assignee.

The second question argued was whether the appellants, if entitled to share in the distribution of the assigned estate, could claim preference in payment under the assignment, as being individual creditors of Perine. With respect to that question, we agree with the decision of the court below denying that right.

The indebtedness represented by their claims was clearly excepted by the terms of the deed of assignment, and they could only claim to share ratably with other creditors after the payments previously directed.

So much of the judgment appealed from as affirmed the

judgment disallowing the right of these appellants to share in the distribution of the funds in the assignor's hands should be reversed and these appellants adjudged entitled to share with other creditors not preferred in the assignment. Costs to the appellants to be paid out of the estate in the assignee's hands.

All concur.

Judgment accordingly.