### In re GARVER.

(Supreme Court, Appellate Division, First Department.  June 5, 1903.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—SETTING ASIDE IN PART—EFFECT
   ON ATTACKING CREDITORS.
       An assignment for the benefit of creditors made by a corporation was
   attacked by certain judgment creditors as fraudulent, and the assign-
   ment, so far as it related to specific personal property on which executions
   issued on judgments in favor of the plaintiffs, and against the corpora-
   tion, were liens at the time of the commencement of the action, was set
   aside as fraudulent as to plaintiffs.  Plaintiffs, however, obtained no
   benefit under their judgments.  *Held*, that they were entitled to come in
   under the assignment, and claim from the assigned estate their pro rata
   share in payment of their claims.

Appeal from Special Term, New York County.

In the matter of the application of John A. Garver, as assignee for
the benefit of creditors of J. B. Brewster & Co., for the appointment
of a referee to hear and determine disputed claims.  From an order
adjudging that claims of several creditors were entitled to share in the
funds in the hands of the assignee, he appeals.  Affirmed.

Argued   before   HATCH,   McLAUGHLIN,   PATTERSON,
O'BRIEN, and INGRAHAM, JJ.

John A. Garver, in pro. per.
Henry B. Twombly, for respondents.

INGRAHAM, J.   J. B. Brewster & Co., a corporation, made an
assignment for the benefit of creditors.   Certain creditors of the cor-
poration filed proofs of claims with the assignee, which were disputed
by him, whereupon the assignee applied to the court for the appoint-
ment of a referee to hear and determine the validity of these claims.
Upon that application, the question as to the right of these creditors to
participate in the distribution of the estate in the hands of the assignee
being one of law, it was submitted to the court, whereupon an order
was made denying the motion for a reference, and requiring the as-
signee to receive and file the proofs of claims of the said creditors as·
valid and subsisting claims against the estate of J. B. Brewster &
Co., and entitled to participate in the distribution of the estate in his
hands, according to the terms and provisions of the assignment, and
that the assignee pay out of the proceeds of the assigned estate remain-
ing in his hands, to such creditors, their pro rata share of the said
estate; and from this order the assignee appeals.

These creditors commenced actions in the Supreme Court in aid
of executions upon judgments obtained against the assignee to set
aside the assignment for the benefit of creditors as fraudulent, which
actions resulted in judgments by which the assignment, transfer, and
chattel mortgage were, and each of them was, adjudged to be made
with the intent to, and did, hinder, delay, and defraud the plaintiffs,
creditors of the said J. B. Brewster & Co., and that said general as-
signment, sales, assignments, transfers, and chattel mortgages were
declared fraudulent and void as against the plaintiffs, and were vacated,
set aside, and canceled as against the plaintiffs, so far as necessary to

pay the judgments held by the plaintiffs against the defendant J. B. Brewster & Co., and to satisfy the executions issued thereon, and that any and all of the property so transferred, assigned, or conveyed to the defendants be applied to the payment of the said judgments held by the plaintiffs. The said judgments also appointed a receiver, to whom the assignee and the other defendants were required to transfer all of the property received from the judgment debtors; and the receiver was required to pay, after payment of the costs of the action, the executions issued by the sheriff of the city and county of New York on the judgments in favor of the plaintiffs in the said actions against the defendant J. B. Brewster & Co., and a referee was appointed to pass the accounts of the assignee. Upon an appeal to this court, these judgments were modified so as to provide that the assignments, transfers, and mortgages, "so far as any of them relate to specific personal property, upon which the executions issued upon the judgments recovered in favor of the plaintiffs against the defendant J. B. Brewster & Co. were liens at the time of the commencement of this· action, be, and the same are hereby, declared fraudulent and void as to this plaintiff only, and are hereby set aside as to it, to the end that the sheriff of the city and county of New York may proceed to levy and sell said property, or so much thereof as may be necessary to satisfy said executions, and the judgments upon which the same were issued." The judgment of this court reversed the judgment appealed from, so far as it appointed a receiver, and required the assignee to transfer the property of Brewster & Co. in his hands to the receiver. Pending the appeal, the receiver obtained possession of the property assigned, and, upon this modification of the judgment by this court, he retransferred all the property to the assignee, who has since administered the assigned estate; and the plaintiffs in the actions to set aside the assignment on the ground of fraud obtained no benefit under the judgments, nor has any portion of the assigned estate been applied to the payment of their debts. The question that was submitted was whether or not these creditors, by disaffirming the assignment, and attacking it, and obtaining a judgment setting aside the assignment as to a portion of the assigned estate, when that judgment was ineffectual to realize any property from which their claims could be paid, could come in under the assignment, and claim from the assigned estate their pro rata share in payment of their claims.

The court below based its order upon Mills v. Parkhurst, 126 N. Y. 891, 26 N. E. 1041, 13 L. R. A. 472, and Groves v. Rice, 148 N. Y. 227, 42 N. E. 664, which determined the right of creditors who had brought and prosecuted an action to set aside the assignment as fraudulent to share in the distribution of the assigned estate, where their· action had been unsuccessful, and the assignment had been sustained; and it was held that the creditors were not estopped from sharing in the assigned estate. Judge Gray, in delivering the opinion of the court in Mills v. Parkhurst, says:

"The basis for the application of the doctrine is in the proposition that where there is, by law or by contract, a choice between two remedies, the one taken must exclude and bar the prosecution of the other. * * * So it is conceivable that the rule may be so extended as to apply to the case where

a creditor comes in under an assignment by his debtor for the benefit of creditors, in such way and with such attitude as should preclude him from thereafter assailing its validity. But how can the converse of the proposition be sustained? The assignment by an insolvent debtor is involuntary, as to creditors, in the application of his assets to their claims, and, it may be, unequal as well as unjust to some; and it is of no effect if fraudulently made, within the meaning of the law. Shall the creditor, for endeavoring to set it aside on legal grounds, if unsuccessful, be held incapable of receiving his share of the debtor's assets?"

In this case the attack upon the assignment was successful so far as the assignment relates to specific personal property upon which the executions on judgments recovered in favor of the creditors against the judgment debtor were liens at the time of the commencement of the actions. The assignment, however, of the other property of the judgment debtor, on which the executions were not liens, was not adjudged void as to the plaintiffs; and it is the property upon which the judgment creditors had no lien, now in the hands of the assignee, that is to be disposed of as directed by the assignment. These credit-ors, therefore, have failed to procure the application of the judgment debtor's property to the payment of their judgments. The assign-ment, so far as it affects the property in the hands of the assignee, and which is now applicable to the payment of the debts of the assignor, was not affected by that judgment, as modified by this court, because that property was not subject to the lien of the executions. The as-signee is required to proceed as directed by the assignment, and the assignment directs that the property that he should receive under the assignment should be distributed pro rata among all the creditors. It is not disputed but that these creditors are creditors of the assignor. The assignee gets his authority to act from the assignment, and by the assignment he is required to distribute the property among all the creditors of the assignor equally. The principle established in Mills v. Parkhurst would therefore seem to apply, and as these creditors have failed to obtain any relief in their action to set aside the assign-ment, they are entitled to come in under the assignment, and obtain their share of the assigned estate.

A moment's consideration will show that the question presented where a creditor has received a benefit under an assignment for the benefit of creditors, which would estop him from attacking the validity of the assignment, is an entirely different one, for there, by recognizing the validity of the assignment, he has obtained a benefit which makes it inequitable for him to retain that benefit, and at the same time ask to have the assignment avoided. But an attack upon the assignment, which, although successful so far as it affects certain property transferred to the assignee, resulted in no benefit to the creditor, does not destroy his right to share in the proceeds of the debtor's property which was not affected by the judgment in the cred-itors' action. If the original judgment of the Special Term, by which the entire assignment was adjudged void, had been sustained, then, of course, there would have been no property in the hands of the as-signee which he could distribute, except what remained after the pay-ment of the judgment creditors' claims. But here the assignment was not set aside so far as it related to property upon which the judg-

ment creditors had no lien under their executions.   The other property not included in that which was affected by that judgment was held by the assignee for the purpose of paying it to the creditors of the assignor.   He has received it charged with that trust.   To fulfill that trust, he is required to pay to these creditors their pro rata share; and I cannot see that he is in a position to object, when his sole authority is derived from the assignment, and the assignment specifically directs that these creditors should have their proportion of the assigned property.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements.   All concur.