(56 Misc. Rep. 541.)

PARKER v. MURPHY.

(Supreme Court, Appellate Term. November 29, 1907.)

INSURANCE—LIFE POLICY—CANCELLATION BY COMPANY—RESCISSION OF ELECTION—LIABILITY OF INSURED.

Where a life insurance company elected, with knowledge of all the facts, to cancel a policy for nonpayment of a premium note, and demanded payment for the proportionate part of the note for the time the insurance was in force, it could not thereafter rescind its action and recover the full amount of the note.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 423.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by John Alley Parker against Henry A. Murphy. Judgment for plaintiff, and defendant appeals. Modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Samuel M. Richardson, for appellant.
Randolph M. Newman, for respondent.

ERLANGER, J. The facts in this case, with the exception to be hereafter noted, are in all respects similar to those raised in the case

of John Alley Parker v. Fred C. Simpson, Jr. (decided at this term) 107 N. Y. Supp. 199. In that case an appeal was taken from a judgment in plaintiff's favor, which was affirmed by us upon the ground that the insurance company had the right either to lapse the policy for the nonpayment of premiums due thereon, or to continue it in force, and, having elected to continue it, the note sued upon was enforceable. In this action the note given, the policy issued, and the receipt annexed thereto are the same in form; the only difference being in the dates and amounts. The plaintiff herein obtained his policy from the same company, and at the time of receiving it delivered his note to the order of the company, and thereby promised to pay $99.93 on or before January 15, 1907. When the note matured he refused to pay it, and thereupon this action was brought to recover the amount due thereon. His answer to the complaint sets up all the defenses which were interposed in the Simpson Case, and after a trial of the issues which he tendered he was defeated, and judgment was awarded to the plaintiff for the full amount and costs. From this determination he appeals.

The only new question which we are called upon to decide is whether or not the company exercised its election to lapse defendant's policy before this action was brought, and, if it did so, whether or not it is bound by it. It appears that after the defendant received notice that his premium note would become due on January 15, 1907, he ignored the same, and thereafter some correspondence passed between him and the plaintiff. On February 21, 1907, plaintiff wrote as follows:

"Dear Sir: In connection with the note that you are due the Union Central, past due and unpaid, (sic) beg to call upon you for a settlement of the note in question for the proportionate part of the note for the time the insurance was in force. I wish to treat you fairly in this matter, and would like to have you make application for reinstatement of your policy and pay the note in full; but, if you do not wish to do this, then I ask for a settlement as outlined above.
"Yours very truly,      John Alley Parker, General Agent."

On February 26, 1907, plaintiff again wrote to the defendant, and among other things said:

"I beg to state to you that, unless you pay for the time that you have been insured and make payment by Thursday of this week, I shall bring suit against you. I don't want to do this, would like to have you make application for reinstatement of your policy and continue same; but, inasmuch as you don't seem to look at it in this way, I see no other course open, other than outlined in this letter."

On April 27, 1907, defendant wrote to plaintiff:

"Dear Sir: I beg to acknowledge the receipt of your favor of February 21st, in which you call for a settlement of the proportionate part of note for insurance which lapsed on January 15th by reason of nonpayment of same. I therefore inclose my check for $4.41, including interest.
"Yours truly,      Henry A. Murphy."

On the same day plaintiff replied:

"I regret very much that I am compelled to return you herewith the check which you sent me.
"Yours truly,      W. M. Miller, Cashier."

The plaintiff, called as a witness on behalf of defendant, testified that the policy lapsed on January 15, 1907. We are of the opinion that the company elected not to further continue the policy, and lapsed it on January 15, 1907. Having once elected to so treat it, and the defendant having acted on that election, and having sent to the company his check for the proportionate amount demanded, the company is bound by the election. The mere statement in the letter of February 26, 1907, that, if the note was not paid by Thursday following, suit would be brought, did not rescind its act of election previously exercised. The threat to sue was not made to cover the amount of the note, but for only "the proportionate part of the note for the time the insurance was in force." The request in both letters that application be made for reinstatement clearly established that the company no longer treated the policy as binding upon it. This election before suit was made with full knowledge of its rights, and it may not now recall it. The remedies of the company were wholly inconsistent. Of the two, it could treat the policy as continuing and recover on the note, or it could lapse the policy and forfeit the premium due. It preferred the latter remedy, and it must now abide by it. In Heidelbach v. Bank, 87 Hun, 126, 33 N. Y. Supp. 800, the court said:

"An election once made is determined forever. Moller v. Tuska, 87 N. Y. 166. It may be determined by any decisive act made with full knowledge of all the facts. Fowler v. Bowery Savings Bank, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479. And the bringing on an action to enforce one of the remedies sufficiently evidences an election. Conrow v. Little, 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693."

In Mills v. Parkhurst, 126 N. Y. 89–93, 26 N. E. 1041, 1042, 13 L. R. A. 472, it was said:

"The doctrine of election, usually predicated of inconsistent remedies, consists in holding the party, to whom several courses were open for obtaining relief, to his first election, where subsequently he attempts to avail himself of some further and other remedy not consistent with, but contradictory of, his previous attitude and action upon his claim. The basis for the application of the doctrine is in the proposition that where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other."

We therefore conclude that the election to lapse the policy bound the company, and that there is at least a partial failure of consideration of the note in suit. No claim is made that the offer of defendant to pay the $4.41 before the action was brought was either insufficient in amount, or ineffectual, because not made in cash. "The partial failure of the consideration of a note may be given in evidence to reduce the amount of the plaintiff's recovery." Spalding v. Vandercook, 2 Wend. 431. The answer tenders the defense of a partial failure of consideration, and the judgment should be modified accordingly.

Judgment modified, by reducing the amount thereof to $4.41, and, as so modified, affirmed, with costs of the appeal to the appellant.

GILDERSLEEVE and LEVENTRITT, JJ., concur in the result.