## LIGHT PUB. CO. et al. v. WURZBACH. (No. 7266.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1924.)

1. Venue ⚖══18—Rules governing election of remedies do not apply to choice of forum.

Rules governing in election of remedies do not apply to choice of forum.

2. Libel and slander ⚖══75—Institution of suit in one county held not to preclude dismissal and suit in another of the counties where venue is fixed.

Plaintiff who instituted suit for libel in one county *held* entitled, under Acts 1919, c. 87, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 5598b), to dismiss suit and institute it in another of the counties in which venue is by such statute fixed; phrase therein "at election of the plaintiff" being mere surplusage.

3. Libel and slander ⚖══75—Venue ⚖══22(1)—Petition held to state cause of action for libel independent of conspiracy, charge of which did not affect venue.

A petition, which alleged libelous publication by defendants, and that defendants conspired with each other to publish the libel,

stated a cause of action independent of conspiracy and allegations of conspiracy did not affect the venue.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

Action by Harry M. Wurzbach against the Light Publishing Company and others. From an order overruling their plea of privilege, defendants appeal. Affirmed.

J. D. Dodson, Templeton, Brooks, Napier & Brown, Arnold & Cozby, and Hertzberg, Kercheville & Thomson, all of San Antonio, for appellants.

Alvin P. Mueller and Wurzbach, Wirtz & Weinert, all of Seguin, and Taliaferro, Cunningham & Moursund, of San Antonio, for appellee.

FLY, C. J. Appellee sued the Light Publishing Company, Harry Hertzberg, and J. Ira Kercheville, to recover damages alleged to have accrued to him by reason of the publication of a libel. Appellants pleaded their privilege to be sued in Bexar county, the place of their domicile and residence. The plea was controverted by appellee, and upon a hearing the plea of privilege was denied, and appellants prosecuted this appeal.

The statement of facts shows that at some time, not indicated, but inferably between November 2, 1922, and August 6, 1923, when it was dismissed, appellee filed a petition, alleging damages growing out of the publication of a libel by Harry Hertzberg and the San Antonio Light Publishing Company, in which it was alleged the residence of the former and the domicile of the latter were in Bexar county. It was further alleged that appellee was a representative in Congress from the Fourteenth Texas district, and was a candidate for re-election at an election held on November 7, 1922, that the publishing company was engaged in publishing an afternoon newspaper called "The San Antonio Light," which opposed appellee's election, and that its officers and agents, and particularly its editor, had "unreasonable and consuming malice in his heart" against appellee, and sought to "discredit and reflect shame on him." It was further alleged:

"That at about the same time the defendant Hertzberg conceived the idea of becoming a candidate for said office, and formed and entered into an agreement and conspiracy with defendant the publishing company to continue the publication of such false and scurrilous charges against plaintiff, and to that end has paid the publishing company large sums of money, to wit, many thousands of dollars, and said defendants, acting together, have pursued with diligence their pernicious practices."

It was further alleged:

"That in order to have an apparent basis in fact, and to bolster up said false and malicious charges," that is that appellee favored and practiced "racial and social equality between the white and negro races," the defendants "conspired together and caused to be written a letter, and caused and procured plaintiff's signature to be forged thereto."

The petition then sets out a copy of a letter purporting to have been written in Washington, D. C., to "Miss Willie Blunt," a negro woman, which letter was set out in hæc verba. It is unnecessary to state further details of the petition, as the only allegation of importance therein is that which charges a conspiracy; there being no controversy as to the fact that the same libelous publication is charged in the former as in the present case. The cause was dismissed on October 1, 1923, by appellee. and on October 4, 1923, the present suit was filed in Guadalupe county.

[1, 2] The 36th Legislature of Texas, in March, 1919 (Vernon's Ann. Civ. St. Supp. 1922, art. 5598b), passed the following law:

"That action for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff in any such action resided at the time of the accrual of the cause of action, or in the county where the plaintiff resided at the time of filing suit, or in the county of the residence of the defendants, or any of them or the domicile of any corporate defendant, at the election of the plaintiff."

Prior to the enactment of that law there was no statute prescribing the venue in libel or slander cases. The result was that the common-law rule prevailed, and suits could be instituted in any county in which there was a publication of the libelous words; that is, in any county in which the libelous printed or written words are sent or delivered to any person. Belo v Wren, 63 Tex. 686. Doubtless the Legislature of 1919 felt that the common law had been made an instrument of oppression in instituting actions in counties far removed from the residence of the defendant, and desired to circumscribe the power to pring such suits and to limit the venue to the residence of the plaintiff and the residence of the defendant. The act hereinbefore copied was enacted to effect the purpose of fixing "the venue of suits for damages for libel and slander," and for that purpose alone. It was not enacted for the purpose of changing a practice as old as our jurisprudence The right to dismiss a cause instituted by him has always been accorded in our practice to a plaintiff, except where a plea in reconvention or a cross-action has been filed, and even in that instance the plaintiff can dismiss his suit, but not the counter demands of the defendant. Such unquestioned rule of practice will not be deemed to have been set aside in any peculiar case, unless the statute in terms so provides. The act in question does not attempt to repeal any law of practice, and we think it a forced and strained construction of it to contend that the act, by mentioning the election of a certain county in which to file suit,

thereby deprived the plaintiff of the right to dismiss his suit, and, if he desires, again to sue in another of the counties in which the venue is fixed.

The act in question was passed in order to confine the venue in libel and slander cases to certain described counties, and the words, "at the election of the plaintiff," are mere surplusage, and granted no right nor imposed any restriction; that is, not inherently in every venue statute where choice of counties is accorded the plaintiff. If the words had been omitted the plaintiff would have had the same right of election as he has under the terms of the present statute. Having elected or chosen the forum in which he desired to try his cause, he had the right to relinquish such privilege in one county and select another forum in any county in which the venue is laid. In order to deprive him of the right of dismissal, which would be secured to him in another suit, we must read into the law that, when one of the counties of venue has been once chosen, that choice is irrevocable. Every evil connected with the common law of venue was met and remedied by the act, without the words, "at the election of the plaintiff," and no fanciful construction of the words will be indulged in by this court. The rules governing in the election of remedies have no applicability to a choice of forums. The doctrine of the election of remedies is generally regarded as being governed by the law of estoppel, on the ground that where there is, by law or contract, a choice between two inconsistent and irreconcilable remedies, the selection of one bars and excludes the other Mills v. Parkhurst, 126 N. Y. 89, 26 N. E. 1041, 13 L. R. A. 472. We must apply the same rules in this case as to a dismissal and choice of another forum that we would apply in any other case.

[3] This is purely a libel suit, and the allegations as to the defendants having conspired with each other to publish the libel did not change the nature of the suit or have any effect upon the law of venue. The allegations of conspiracy merely intensified the charge of libelous publication, and tended to show malice in the authors of the libel. Appellee is not seeking damages for a conspiracy, but damages for a libel which was concocted and premeditated by two or more persons. The conspiracy did not damage the reputation of appellee, but the libel alone was the basis of the suit. Even if no conspiracy were proved, if a libel is established appellee has shown a cause of action.

In the case of Switzer v. Anthony, 71 Colo. 291, 206 P. 391, a conspiracy was charged to publish a libel, and the Supreme Court of Colorado held:

"The gravamen of this charge is, of course, the publication, and the allegation that the defendants did or did not conspire does not affect the sufficiency of the complaint, and the failure to prove it does not constitute a variance."

In other words, the appellee is not seeking damages for a conspiracy, but for a libel.

The case of Brown v Land Mortgage Co., 97 Tex. 599, 80 S. W. 985, 67 L. R. A. 195, has no bearing upon this case. The question of limitation arose in that case, which was one not of libel. The court said

"The cause of action alleged by the plaintiffs and upon which they sought recovery is the destruction of their business as loan agents by the unlawful and malicious acts of the defendants. The various acts which are charged in the petition—for instance, the representation that plaintiffs were dishonest and unreliable, and that they were bankrupt and insolvent—were simply allegations showing the methods by which the defendants accomplished the purpose of destroying their business. It was not sought to recover upon the allegations constituting libel or slander, but the facts stated were the evidence by which the cause of action would be established."

In the present case the cause of action was for damages not based on a conspiracy, but a libel which was the outcome of that conspiracy. The whole of the petition is directed to the libelous publication which is made the basis of the suit, and all other matters are alleged as circumstances leading up to the publication of the libel and tending to show premeditation and malice. All the damages were ascribed not to the conspiracy but to the libel. The allegations show a case of libel against the publishing company and Hertzberg, independent of any proof of conspiracy.

The suit was properly instituted in Guadalupe county and the judgment will be affirmed.