JAMES ORMSBY & another *vs.* JOHN B. DEARBORN.

Suffolk.   Nov. 17. — Dec. 9, 1874.   WELLS & DEVENS, JJ., absent.

A creditor who has proved a claim against an estate in bankruptcy, as for goods sold and delivered to the bankrupt, cannot maintain an action of replevin for the goods by proof that he did not sell them to the bankrupt.

REPLEVIN of certain articles of jewelry. Trial in the Supe-rior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows:

The defendant, a deputy sheriff, claimed the property by vir-tue of an attachment upon a writ of J. N. Kendall against I. M. Friselle, dated May 2, 1872. Friselle filed a petition in bank-ruptcy under the laws of the United States, June 6, 1872, and was on the same day adjudicated a bankrupt. Horace Partridge, the assignee in bankruptcy, defended this action for the benefit of

the creditors of said Friselle. The plaintiffs contended that they were the owners of the goods replevied, and that they left them with Friselle as their agent, to sell on their account. The defendant contended that they had been sold to Friselle by an absolute sale, and were his property, and this was the issue submitted to the jury.

The defendant offered evidence that on June 24, 1872, the plaintiffs proved their claim on an account against the estate of Friselle in bankruptcy ; that the account included the identical articles replevied ; and that the claim was allowed. The defendant requested the judge to rule that the proof of the claim in bankruptcy was a waiver of the claim to the identical articles, and a bar to this action, and that the verdict should be for the defendant. The judge, for the purpose of settling the question of the title to the property, declined so to rule, but left the question to the jury, with the other evidence, as bearing on the question whether this was understood by the plaintiffs to be an absolute sale of the property to the said Friselle, and not a mere consignment. The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*C. S. Lincoln,* for the defendant.

*C. F. Donnelly,* for the plaintiffs.

MORTON, J. The goods replevied were delivered by the plaintiffs to Friselle, and the issue in the case was, whether they were sold to him, or intrusted to him as the plaintiffs' agent. Friselle having been adjudicated a bankrupt, his assignee defends this action for the benefit of his creditors. It appeared at the trial that the plaintiffs have proved an account against the estate of the bankrupt, which account includes the price of the goods replevied, as goods sold and delivered to him.

The remedy thus elected by the plaintiffs is utterly inconsistent with their claim in this suit. The two cannot stand together. If they could, the plaintiffs might receive the whole or a part of the price of the goods under the proceedings in bankruptcy, and by this suit regain and hold the goods themselves.

As the plaintiffs have elected to prove their debt for the price of the goods, and have not withdrawn the proof before this suit was brought, the learned judge who presided at the trial should

have ruled, as requested by the defendant, that such proof **was** a bar to this action. See *Cook* v. *Farrington*, 104 Mass. 212.

*Exceptions sustained.*