### J. W. C. SEAVEY & others *vs.* DANIEL POTTER.

Essex. November 8. — 14, 1876. COLT, DEVENS & LORD, JJ., absent.

A creditor who has proved against an estate in bankruptcy one of several promissory notes, taken for the price of goods sold and delivered to the bankrupt, cannot maintain an action of replevin for the goods, by proof that he was induced to sell them by the false and fraudulent representations of the bankrupt.

REPLEVIN of a quantity of silk attached by the defendant, as a deputy of the sheriff of Essex, on a writ against L. R. Powers.

At the trial in the Superior Court, before *Gardner*, J., the plaintiffs put in evidence tending to show that the silk was sold by them to Powers in March, 1875, and that they were induced to sell the same by his false and fraudulent representations. It also appeared from the testimony of the plaintiffs' witnesses that

the silk was paid for by notes of Powers, and that, after the date of the writ of replevin, the plaintiffs joined with other creditors in a petition for involuntary bankruptcy against Powers, and that in the petition they represented and made oath that they were the owners of all said notes ; and that subsequently they proved one of said notes in bankruptcy and voted in the choice of an assignee.

The defendant asked the judge to rule that upon this evidence the action could not be maintained. The judge so ruled, and instructed the jury to return a verdict for the defendant; and the plaintiffs alleged exceptions.

*D. C. Linscott*, for the plaintiffs.

*S. B. Ives, Jr. & W. C. Fabens*, for the defendant.

BY THE COURT. The claim of the plaintiff to rescind the sale is wholly inconsistent with his proof in bankruptcy of a promissory note taken for the price of the goods. *Ormsby* v. *Dearborn*, 116 Mass. 386. See also *Bassett* v. *Brown*, 105 Mass. 551.                                   *Exceptions overruled.*