## MISSOURI SAVINGS & LOAN CO. v. RICE et al.

### (Circuit Court of Appeals, Eighth Circuit. December 13, 1897.)

### No. 907.

1. ELECTION OF REMEDIES—BREACH OF CONTRACT—FRAUD.

Where a defendant has broken his contract and committed a fraud in the same transaction, the plaintiff has the choice of an action on the contract or an action in tort for the fraud.

2. LIMITATIONS.

The statute of limitations, contained in Gen. St. Kan. 1889, par. 4095, which bars an action for relief on the ground of fraud in such a transaction, does not limit the action for the breach of the contract.

3. SAME—ACTION FOR FRAUD.

The action for fraud which is barred by this statute must be one whose basis is a fraud without which the action could not be maintained.

4. ACTION—WHETHER ON CONTRACT OR FOR TORT—CONSTRUCTION OF PLEADINGS —LIMITATIONS.

A petition by a building association alleged that on their application it granted to the defendants, who were stockholders residing in a certain town, a charter constituting them a local board of directors, by accepting which they promised and agreed to comply with its terms, requiring them in all practical ways to protect the interests of the association, and to recommend as borrowers only responsible persons, and truly appraise the value of real estate offered as security; that, in violation of such agreement, defendants recommended certain persons as borrowers who were wholly insolvent, and appraised their property at many times its value,

in consequence of which the plaintiff suffered loss upon the loans made on their recommendation and appraisal. The petition prayed recovery of the amount of such losses as damages for breach of said contract. *Held,* that the action was not one "for relief on the ground of fraud," within Gen. St. Kan. 1889, par. 4095, fixing the period of limitation for such actions, though the facts alleged might constitute fraud as well as a breach of contract; the plaintiff having the right of election to sue on the contract or in tort.

In Error to the Circuit Court of the United States for the District of Kansas.

W. C. Perry and John H. Crain, for plaintiff in error.

J. D. McCleverty, for defendants in error.

Before BREWER, Circuit Justice, SANBORN, Circuit Judge, and RINER, District Judge.

SANBORN, Circuit Judge. On June 13, 1895, the Missouri Savings & Loan Company. the plaintiff in error, commenced an action in the court below against Oscar Rice, B. Hudson, A. Graff, and A. M. Keene, the defendants in error. The case was heard and decided upon a demurrer to an amended petition or declaration, which states as its only ground that the petition does not state facts sufficient to constitute a cause of action. The circuit court sustained the demurrer, and dismissed the action. This writ of error challenges that decision.

There is nothing in the record to inform us upon what ground the court below based its action, but counsel for the defendants in error cites paragraph 4095, Gen. St. Kan. 1889, which provides that actions for "relief on the ground of fraud" can only be brought within two years after the cause of action accrued; and while he admits that, if this is an action on contract, it was brought in time, he argues that the petition shows that this action was for relief on the ground of fraud, and that the causes of action which it pleads accrued more than two years before the action was commenced. The question presented, then, is whether this is an action ex contractu or ex delicto, and that question must be answered by the amended petition.

This petition pleads two similar causes of action, which differ merely in the amounts in question, the names of the mortgagors, and the description of the mortgaged property. The material facts stated as the basis of the first cause of action are these: The plaintiff is a corporation of the state of Missouri, engaged in loaning money on real estate security to its stockholders, to be repaid in monthly installments. Its principal place of business is St. Louis. Whenever it loans money in any other city, it requires its stockholders in that city to elect a local board of directors, and requires that board to recommend each applicant for a loan as worthy of credit, and to appraise the real estate which he offers as security. The rules of the plaintiff provided that loans upon real estate security should not exceed 50 per cent. of the cash value of the real estate, and the plaintiff loaned an amount equal to only 50 per cent. of the appraised value of the security, and loaned that only upon a recommendation and appraisement made by its local board. The defend-

ants knew these facts. The plaintiff had several stockholders in the city of Ft. Scott, in the state of Kansas, and, among them, these defendants. On November 21, 1892, the defendants and two other stockholders applied to the plaintiff for a charter for a local board. In this application they requested that the right and authority should be conferred upon them to act as a local board of directors for plaintiff at Ft. Scott, to receive applications from stockholders who desired to borrow of plaintiff, and to appraise the value of real estate which these applicants offered as security. On November 26, 1892, the plaintiff granted such a charter to them, which provided that the defendants and one Ury, who was associated with them as a member of the board of directors, should pass upon all applications for loans before they should be forwarded to the plaintiff, and that they should in all practical ways protect the interests of the plaintiff in the locality of Ft. Scott. The defendants accepted this charter, and thereby agreed to comply with its terms. On December 2, 1892, they, being a majority of the local board, prepared an application to the plaintiff for a loan of $450 to one William G. Player, upon the security of certain real estate in the city of Ft. Scott. The defendant Rice administered the oath to Player, to the effect that the statement in his application was true, and the other defendants appraised the value of the property offered as security at the sum of $900. Rice then forwarded the application and appraisement to the plaintiff, whereby each of the defendants represented to the plaintiff that they had performed their agreement, and intended that the plaintiff should accept and act upon the application and appraisement. On December 7, 1892, the plaintiff loaned $450 to Player, on the representations made by the defendants in the application and appraisal, and in the belief that they had performed their agreement in that respect. At the time that the appraisement was made, the real estate was not worth more than $100, and Player was then insolvent, and ever since has been. The debt which Player had secured by a mortgage on this real estate was not paid, and the plaintiff foreclosed the mortgage at an expense of $100, and paid $23.28 for delinquent taxes upon it. It never has been worth more than $100 since the mortgage was made. The statement of this cause of action in the petition closes with these words: "That this plaintiff has lost, by reason of making said loan, the sum of four hundred ninety-eight and 28-100 dollars ($498.28); that said loss has been caused solely by the failure of the defendants, and each of them, to carry out their said contract hereinbefore set forth. And plaintiff, by reason of said breach of contract, has been damaged in the sum of $498.28." The statement of the second cause of action closes with the same allegations, except that "$2,694.36" appears in place of "$498.28." The prayer of the petition is for the recovery of the aggregate amount of these two sums, with interest.

This petition contains no allegation that the defendants intended to deceive or defraud the plaintiff, or to the effect that they conspired with Player or with each other for that purpose. Its legal effect is that, in consideration of the charter which they received from the plaintiff and the powers thereby granted to them, the de-

fendants agreed to recommend to it only those applicants who were worthy of credit, and to appraise the real estate security which they offered at its true value in current money, and that in two instances they appraised the security offered at more than its value, to the damage of the plaintiff in the sum of $3,192.64. This is not, in our opinion, an "action for relief on the ground of fraud." It may be that the facts pleaded strongly indicate—perhaps they are sufficient to warrant the legal inference—that a fraud was committed. This is very frequently the case when a covenant is broken, but one who breaks his agreement cannot deprive the other party to the contract of his right of action for the breach by committing a breach and a fraud at the same time. In such a case the injured party has a right of action for relief on the ground that the contract is broken, and a right of action for relief on the ground of fraud, and the wrongdoer has not, but the injured party has, the choice of remedies. He may bring his action for damages for the fraud, or he may waive the tort, and sue on the contract. Pom. Code Rem. §§ 567, 571. Conceding, but not deciding, that the facts stated in the complaint are sufficient to establish a fraud as well as a breach of the agreement, the plaintiff has made it perfectly plain in this case, both by the frame of its complaint and especially by the allegations which we have quoted from the close of its statement of its causes of action, that it has elected to waive the fraud, and to recover for the breach of the agreement.

The effect of the Kansas statute of limitations against an action for relief on the ground of fraud is nowhere more tersely and correctly stated than by Judge Garver in Brown v. Bank, 2 Kan. App. 352, 354, 42 Pac. 593, where he says:

"This limitation applies in express terms to 'an action for relief on the ground of fraud.' This cannot be held to apply to every case wherein a fraudulent transaction may be, either directly or incidentally, inquired into. · It must be a case where the party against whom the statute is urged as a bar is seeking relief to which he claims himself entitled because of the fraud of the opposite party. In other words, the fraud must be a part of the substantive cause of action on which the right to relief is founded, and without which no cause of action exists. Jackson v. Plyler, 38 S. C. 496, 17 S. E. 255; Vanduyn v. Hepner, 45 Ind. 589; Detwiler v. Schultheis, 122 Ind. 155, 23 N. E. 709."

This is not such a case, and the judgment below must be reversed. A careful examination of the petition, however, discloses no cause of action upon the contract against the defendant Rice. The allegations of the petition are that the other defendants appraised the security at much more than its value, and from that appraisal the loss resulted. It contains no allegation that Rice took any part in the appraisal, or that he did any other act in violation of his agreement which resulted in any injury to the plaintiff. The demurrer of Rice should accordingly be sustained, and the case, as against him, should be dismissed, while the demurrers of the other defendants should be overruled, with leave to answer. Let the judgment below be reversed, with costs against the defendants in error Hudson, Graff, and Keene, and let the case be remanded to the court below for further proceedings not inconsistent with the views expressed in this opinion.