OTTO H. DROEGE, as Assignee for the Benefit of Creditors of HANS REINHARDT, Appellant, *v.* THE AHRENS AND OTT MANUFACTURING COMPANY, Respondent.

SALES — ELECTION OF REMEDIES.  A vendor cannot affirm the existence of a contract of sale for the purpose of a recovery under it and subsequently treat the contract as avoided by the fraud of the vendee, provided the act in affirmation was with knowledge of the essential facts constituting the fraud; and where with such knowledge the vendor files a verified proof of claim for the purchase price with the assignee of the insolvent vendee, it is such an election by the vendor to ratify the contract of sale as will preclude him from thereafter maintaining an action to rescind it upon the ground of fraud.

*Droege* v. *Ahrens & Ott Mfg. Co.*, 34 App. Div. 631, reversed.

(Argued May 21, 1900; decided June 19, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 26, 1898, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was originally brought by the plaintiff, as assignee for the benefit of creditors of one Reinhardt, against Chambers & Lemon, to recover the purchase price of goods sold and delivered by the plaintiff's assignor to that firm. Reinhardt had purchased the goods from this defendant, who made claim to them, or their proceeds, upon the ground of fraud in the transaction of their sale.  Thereupon, the original defendants obtained an order of interpleader, paid the money due by them into court and the present defendant was substituted in their stead.  The goods had been sold to Reinhardt through a salesman, or traveling agent, of the defendant on November 4th, 1896.  At the time when Reinhardt gave his order for the goods, he desired a credit of sixty days.  Carruthers, the defendant's agent, asked him for a statement of his financial condition, which he gave and a memorandum of which Carruthers forwarded with the order to the defendant; which was a Kentucky corporation, having its place of busi-

ness at Louisville. in that state.   The order was accepted by the defendant and the goods were soon after shipped.   This statement showed assets, consisting in stock on hand and in outstanding accounts, amounting to $34,800, and liabilities amounting to $9,000, thus exhibiting a surplus of assets exceeding $25,000, and, in addition, that Reinhardt was the owner of certain shares of stock, commanding a value exceeding par, and was in receipt of salary and commissions of between $6,000 and $7,000 a year.

On December 7th, following, Reinhardt made his assignment to the plaintiff.   On December 17th the inventory and schedules were filed, showing " Nominal assets upwards of $22,000, actual assets upwards of $21,000, liabilities, absolute, upwards of $20,000 and contingent liabilities upwards of $10,000."   On January 2d the defendant filed with the assignee a verified proof of a claim against the estate of Reinhardt for the goods theretofore sold to him.   On February 4th the defendant filed notices of lien, under the Mechanic's Lien Law, affecting certain premises, in the buildings upon which the materials had been used by Chambers & Lemon, which alleged that the materials had been furnished by this defendant to Chambers & Lemon.   Subsequently, in March, the defendant wrote to the assignee asking about the chances of an early dividend.   In the following month of August, the defendant served upon the assignee a written notice, to the effect that it elected to rescind the sale of the goods, upon the ground that it was induced by means of false and fraudulent statements as to his, Reinhardt's, solvency, and demanded the return of the goods, or the payment of the value thereof, or of their proceeds.

Upon the trial of the action, the facts with respect to the transaction of sale were testified to by Carruthers, and a former bookkeeper of Reinhardt testified, to the effect, that the general condition of Reinhardt's business was, substantially, the same for the six weeks preceding the assignment. There was testimony in behalf of the defendant, also, introduced without objection, that, in shipping the goods upon

Reinhardt's order, it relied upon Reinhardt's statements as to his condition. When Reinhardt was called in rebuttal, in behalf of the plaintiff, while admitting the conversation with Carruthers respecting his solvency, he denied some of the statements in Carruthers' memorandum. The court, at Special Term, where the trial was had, filed a " short decision," directing judgment in favor of the defendant, upon the ground that the sale by it to Reinhardt was procured by fraud; that there had been no affirmance thereof by the defendant with full knowledge of the circumstances attending the fraud and that the latter having elected to rescind the contract of sale, it had the right to follow the property, or its proceeds. The plaintiff duly excepted to this decision. The Appellate Division affirmed the judgment which the defendant had entered; but that the affirmance was unanimous does not appear in the order. The plaintiff has now appealed to this court.

*David B. Hill* for appellant. There was no sufficient or substantial evidence of a fraudulent purchase. (*Israel* v. *M. Ry. Co.*, 158 N. Y. 624; *Pryor* v. *Foster*, 130 N. Y. 171; *Stitt* v. *Little*, 63 N. Y. 427; *Meyer* v. *Amidon*, 45 N. Y. 169; *Oberlander* v. *Spiess*, 45 N. Y. 175; *Marsh* v. *Falker*, 40 N. Y. 562; *McIntyre* v. *Buell*, 132 N. Y. 192; *Enright* v. *Fellheimer*, 25 Misc. Rep. 664.) The defendant, not having disaffirmed the contract of sale promptly or within a reasonable time after notice of the alleged fraud, is deemed to have ratified the sale. (*A. S. R. Co.* v. *Fancher*, 145 N. Y. 552; *Pryor* v. *Foster*, 130 N. Y. 171; *Baird* v. *Mayor*, etc., 96 N. Y. 567; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Weston* v. *City of Syracuse*, 82 Hun, 68; *Bruce* v. *Davenport*, 3 Keyes, 472; *Heilbronn* v. *Herzog*, 33 App. Div. 311; *Masson* v. *Bovet*, 1 Den. 73.) The defendant by filing his notice of lien under the Mechanics' Lien Law, and filing his proof of debt with the assignee under the assignment, having knowledge of the alleged fraud, thereby elected to affirm the sale and could not thereafter rescind it. (*Mills* v. *Parkhurst*, 126 N. Y. 89; *Acer* v. *Hotchkiss*, 97 N. Y. 395; *Crossman* v.

*U. R. Co.*, 127 N. Y. 37; *Morris* v. *Rexford*, 18 N. Y. 552; *Kennedy* v. *Thorp*, 51 N. Y. 174; *Bank of Beloit* v. *Beale*, 34 N. Y. 473; *Lloyd* v. *Brewster*, 4 Paige, 537; *Myers* v. *King*, 48 Hun, 106; *Thompson* v. *Fry*, 51 Hun, 296; *Levy* v. *James*, 49 Hun, 161; *Hone* v. *Henriquez*, 13 Wend. 240.)

*John B. Green* for respondent. There is the same right to the proceeds of fraudulently obtained goods that there is to the goods themselves. (*A. S. R. Co.* v. *Fancher*, 145 N. Y. 552; *Converse* v. *Sickles*, 16 App. Div. 49; *Gould* v. *C. C. Nat. Bank*, 86 N. Y. 75.) The goods, of which the proceeds are claimed herein, were obtained from defendant company by the fraud of plaintiff's assignor. (*Nichols* v. *Michael*, 23 N. Y. 264; *Devoe* v. *Brandt*, 53 N. Y. 465; *Wright* v. *Brown*, 67 N. Y. 1; *Fitch* v. *McMahon*, 103 N. Y. 690; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Talcott* v. *Einstein*, 12 Wkly. Dig. 441.) The defendant rescinded the sale as soon as it became convinced that a fraud had been practiced upon it. (21 Am. & Eng. Ency. of Law, 84; Benjamin on Sales, § 443; *Levy* v. *Carr*, 85 Hun, 289; *Roome* v. *McGovern*, 9 Daly, 60; *Moller* v. *Tuska*, 87 N. Y. 166; *Powers* v. *Benedict*, 88 N. Y. 605; *Wise* v. *Grant*, 140 N. Y. 593.) The filing of the mechanics' liens and the proof of debt did not constitute an election to affirm the sale notwithstanding the fraud. (*Goff* v. *Craven*, 34 Hun, 150; *Mills* v. *Parkhurst*, 126 N. Y. 89; *Sternfeld* v. *Simonson*, 44 Hun, 429; *Johnson* v. *Frew*, 33 Hun, 193; *Babcock* v. *Dill*, 43 Barb. 583; *E. C. F. Co.* v. *Hersee*, 103 N. Y. 25; *A. H. & I. Co.* v. *Day*, 11 App. Div. 230; *Hays* v. *Midas*, 104 N. Y. 602; *Croll* v. *E. S. K. Co.*, 17 App. Div. 282.)

GRAY, J. There was sufficient in the evidence upon which the trial court might find as it did, that the sale of the goods to Reinhardt, the plaintiff's assignor, was induced by the fraudulent representations which he made to the defendant's agent, at the time of giving the order for the goods, respecting his financial condition and solvency. The assignment by Rein-

hardt following so soon after the transaction of the sale, with its showing of insolvency, in connection with the evidence of Reinhardt's bookkeeper, that his condition had been substantially the same for the six weeks preceding the assignment, afforded ample ground for holding that a fraud had been perpetrated upon the defendant.

The serious question in the case is, whether the defendant had not so elected to affirm the transaction of sale as to conclude it from thereafter prosecuting its claim to rescind it upon the ground of the fraud. It could not affirm the existence of the contract of sale, for the purpose of a recovery under it, and, subsequently, treat the contract as avoided by the fraud of the vendee; provided that the act in affirmation was with knowledge of the essential facts. It was observed by Chancellor Kent in *Sanger* v. *Wood*, (3 John. Ch. at p. 421), that "any decisive act of the party, with knowledge of his rights and of the fact, determines his election in the case of conflicting and inconsistent remedies." This is the principle upon which is based the doctrine of the election of remedies, where two exist in a given case which are substantially inconsistent. It is equally applicable to a case like this, where the defendant has decided, in effect, to ratify a transaction of sale, by asserting that his property was sold to the plaintiff's assignor, who promised to pay therefor, etc. The doctrine of affirmative action, as determining, finally, the party's attitude with respect to the transaction involved, is exemplified in the cases. (*Mills* v. *Parkhurst*, 126 N. Y. 89 ; *Terry* v. *Munger*, 121 ib. 161 ; *Conrow* v. *Little*, 115 ib. 387 ; *Fowler* v. *Bowery Savings Bank*, 113 ib. 450 ; *Seavey* v. *Potter*, 121 Mass. 297 ; *Ormsby* v. *Dearborn*, 116 ib. 386.) In the Massachusetts cases cited, it was held that the claim to rescind the sale was inconsistent with a proof of claim in bankruptcy for the price of the goods. (*Seavey* v. *Potter*, *supra*.) I do not consider that the filing of the mechanic's lien constituted any decisive evidence of defendant's election ; but the filing of the verified proof of a claim upon the assigned estate appears to me to have been a decisive act in affirmation of the sale, and if done

with knowledge of the essential facts, then, I think, the defendant was bound by it.

It is true that the finding of the trial court was to the effect that the defendant did not affirm the sale of the goods; but the finding was excepted to and if the evidence was wanting in support of it, the exception must prevail. It is perfectly clear from this record that no further facts came to defendant's knowledge up to the time of making its claim to rescind, than it was possessed of at the time of filing its proof of claim with the assignee. At that time the inventory and schedules of Reinhardt disclosed, within about six weeks of his purchase of the goods, his utter insolvency. The facts, or inferences, thus furnished were all that the defendant ever had, and the only further fact communicated, confirmatory of the fraud of Reinhardt, was in his bookkeeper's testimony upon the trial. It may well be that the defendant lacked what might be termed exact knowledge upon the subject, when it made its proof of claim upon the assigned estate. The facts were, rather, such as to furnish inferences of Reinhardt's fraud; but they were, subsequently, deemed sufficient for the maintenance of an action in rescission without any addition thereto, so far as the record discloses. I think the case to be within the application of the general rule that the defendant should be held to have been bound by its first election to affirm the transaction.

There is nothing in the point that the defendant was disabled from obtaining relief under the counterclaim in its answer for the goods, or their value, based upon the fraud of the plaintiff's assignor, by reason of its being a foreign corporation, without the authority to do business within this state, under the requirements of the General Corporation Law. (Chap. 687, Laws of 1892.) It is doubtful whether the provisions of the act would apply to such a case as this, where the party was brought in by an order of interpleader. It is still more doubtful, whether this contract was made in the state of New York. However it may be with respect to these propositions, the defendant was not doing business in this state,

within the doctrine of the cases of *People ex rel. Parker Mills* v. *Comrs. of Taxes*, (23 N. Y. 242), and of *People ex rel. Sherwin-Williams Co.* v. *Barker* (5 App. Div. 246, affirmed here, 149 N. Y. 623).

For the reasons given, I think the judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN and WERNER, JJ., concur; LANDON, J., dissents.

Judgment reversed, etc.