### In re HILDEBRANT et al.

(District Court, N. D. New York. March 18, 1903.)

1. SALES—FRAUD—REMEDIES OF SELLER.

Where a sale of goods was induced by fraudulent representations as to the buyer's solvency, the seller, on learning of the fraud, may disaffirm the contract, and retake such of his property fraudulently obtained as he may be able to find in the buyer's possession, and also maintain an action against the buyer for the value of the goods not found.

2. BANKRUPTCY — CLAIMS — FRAUDULENT PURCHASES — DEMAND FOR GOODS—ELECTION OF REMEDIES.

Where a claimant for goods obtained by a bankrupt under fraudulent representations as to his solvency filed a claim with the trustee for the goods sold and delivered under the contract, but not for the value of goods obtained by fraud, or for damages sustained by the fraud, he thereby elected to affirm the contract, and could not split his demand, and at the same time file a claim for a return of part of the goods sold, remaining in the bankrupt's possession at the time of the filing of his petition.

In Bankruptcy. This is a motion on the part of the trustee in bankruptcy herein to confirm the report of William Lansing, referee in bankruptcy, to whom it was referred, as special master, to take evidence and report, with findings of fact and conclusions of law, as to the title of the petitioner in this proceeding, the A. M. Church Company, to certain goods in the possession of the trustee, and the right of said company to have such goods turned over and delivered to said petitioner.

Chester G. Wager, for trustee.

Thomas F. Galvin, for petitioner.

RAY, District Judge. Prior to the filing of the petition in bankruptcy herein, and between the 3d day of October, 1900, and the 31st day of January, 1901, the petitioner, the Andrew M. Church Company, sold and delivered to the said firm of Hildebrant & Buchanan certain goods and merchandise, for which it made and verified its claim against the bankrupt estate in the words and figures following:

"Troy, N. Y., ————, 189–.

"Hildebrant & Buchanan in acc't with the Andrew M. Church Co.

"(Cloaks and Shawls.) Importers and Dealers in Dry Goods, Hosiery, Notions, & Fancy Goods.

"New York Office                      83, 85 & 87 Third St.
54 & 56 Franklin St.              57 & 59 Congress St.

| 1900. | | | | |
|---|---|---|---|---|
| Oct. | 3 | Mdse. | $ 178 | 37 |
| | 12 | " | 68 | 81 |
| | 15 | " | 46 | 20 |
| | 16 | " | 115 | 71 |
| | 18 | " | 30 | 68 |
| | 8 | Cash Ex. p. chg. | | 30 |
| Nov. | 3 | | 103 | 30 |
| | 7 | | 9 | 26 |
| | 16 | | 76 | 59 |
| | 17 | | 20 | 52 |
| | 22 | | 165 | 61 |
| Dec. | 7 | | ·2 | 54 |
| | 8 | | 1 | 75 |
| | 8 | | 14 | 98 |
| Jan. | 31 | | 7 | 75 |
| | | | $842 | 37 |

"In the District Court of the United States for the Northern District of New York.

"In the Matter of Thomas L. Hildebrant & Edward C. Buchanan as Individuals & as a Copartnership under the Firm Name of Hildebrant & Buchanan, Bankrupts.

"In Bankruptcy. No. 478.

"At the city of Troy, in said district of New York, on the 6th day of May, 1901, came Andrew M. Church, of Troy, in the county of Rensselaer and state of New York, and made oath and says that he is treasurer of the Andrew M. Church Company, a corporation incorporated by and under the laws of the state of New York, and carrying on business at Troy, in the county of Rensselaer and state of New York, and that he is duly authorized to make this

120 F.—63

proof, and says that the said Hildebrant and Buchanan, the persons by whom a petition for adjudication of bankruptcy has been filed, were at and before the filing of said petition, and still are, justly and truly indebted to said corporation in the sum of 842 37/100 dollars; that the consideration of said debt is as follows:   Goods, wares, and merchandise, consisting of cotton cloth, etc., sold and delivered to said Hildebrant and Buchanan by said company at the different times mentioned in the annexed statement; that no part of said debt has been paid; that there are no offsets or counterclaims to the same; and that said corporation has not, nor has any person by its order, or to the knowledge or belief of said deponent, for its use, had or received any manner of security for said debt whatever.                          A. M. Church,

"Treasurer of Said Corporation.

"Subscribed and sworn to before me this 6th day of May, 1901.

"Thomas F. Galvin, Notary Public Rens. Co.

"Certificate filed in Albany Co."

This claim was presented to and filed with the trustee on the 6th day of May, 1901, at 3 o'clock p. m.   The referee finds, and there is evidence to support the finding, that the total value of the goods sold aggregated in value over $1,000, and that November 28, 1900, said Hildebrant & Buchanan paid said petitioner the sum of $150.42 on account of such goods.   The petitioner claims this was payment for a specific item of sales made by the petitioner to Hildebrant & Buchanan, and in no way entered into the general account, and was not a payment on account.   The evidence fails to support this claim.   In fact, it shows that the payment must have been on account.   The referee also finds:

"Twelfth. That prior to the purchase of said goods by said bankrupts from the A. M. Church Company, and as and in account thereto, representations were made in regard to the liabilities and assets of said firm by the members thereof, or one of them, which, if they were not intentionally false or fraudulent, were untrue, and were equally calculated to mislead the petitioner, and to induce the sales made to said firm by the petitioner, as if they had been so, and that said representations did induce the petitioner to make the sales set forth in said proof of claim to the said bankrupts; that some of said representations were made directly to said A. M. Church Company, and others to R. G. Dun & Co., a mercantile agency, by which they were reported to said A. M. Church Company prior to said sales being made."

"Ninth. That if any fraudulent statements were made by said Hildebrant & Buchanan, or either of them, or any fraud practiced that induced the A. M. Church Company, the petitioner, to part with its goods to the said Hildebrant & Buchanan, the facts in regard to such fraud or fraudulent statements were fully known to said A. M. Church Company on May 6, 1901, the time when it filed the claim against the bankrupt's estate as stated above."

The referee further finds that at the time of the adjudication the bankrupts had on hand at their factory cotton cloth, unused, of the value of about $182.75, which passed into the hands of the assignee, but also finds that the whole thereof did not come from the petitioner. He does not find or state either the amount or value of the cloth on hand that was purchased of the A. M. Church Company.   The referee does not specially find, but it was admitted on the hearing, and is a fact, that on the 6th day of May, 1901, the petitioner, the Andrew M. Church Company, made and served a written demand and claim for the return of certain of the property sold and delivered to the bankrupts on both the trustee and referee in bankruptcy.   Such demand was as follows:

"In the District Court of the United States for the Northern District of New York.

"In the Matter of Thomas L. Hildebrant & Edward C. Buchanan, as Individuals & as a Copartnership under the Firm Name of Hildebrant & Buchanan, Bankrupts.

"In Bankruptcy. No. 478.

"To Hon. William Lansing, Referee, and to Whom It may Concern: Notice is hereby given that the undersigned claims to be the owner and demands the possession of the several pieces of cotton cloth hereinafter mentioned, now in the factory formerly occupied by Hildebrant and Buchanan, in the city of Albany, New York, shipped by the undersigned from the city of Troy, New York, to said Hildebrant and Buchanan, at the city of Albany, New York, between the 3d day of November and the 7th day of December, 1900, upon the ground and for the reason that, at the time when said goods were purchased of the undersigned by said Hildebrant and Buchanan, the said firm was hopelessly insolvent, and known to themselves to be so, and on the further ground that credit in said purchases was obtained through false representations as to the financial standing and condition of said firm made by said firm, or some one on its behalf.

"Following is a statement of the merchandise above mentioned, the return of which is hereby demanded:

| 1900. | | |
|---|---|---|
| Nov. 3. | 488½ yds. (W.) cotton, at 8¼ cts. | $ 40 30 |
| "   " | 622½ yds. violet cotton, at 7⅝ cts. | 47 46 |
| "   " | 131 yds. Elkwood cotton, at 7½ cts. | 9 82 |
| " 3, 16, 22. | 539 yds. Alpine cotton, at 10½ cts. | 56 65 |
| " 17, 22. | 161 yds. Evenston cotton, 13½ cts. | 21 80 |
| " 30. | 62 yds. I. X. L. cottons, at 9 cts. | 5 58 |
| Dec. 7th. | 12 yds. Eliphant cottons, at 9½ cts. | 1 14 |
| | Total | $182 75 |

"The Andrew M. Church Company,

"Dated May 6th, 1901.                    Per A. M. Church, President."

While it is undoubtedly true that a party cannot both affirm and disaffirm a contract, when induced by fraud; that an election to proceed on the contract is an affirmance thereof, and waives the fraud—still it cannot be doubted that, when a party is induced to part with his property by fraudulent representations, he may, on discovery of the fraud, retake, by replevin or other appropriate proceedings, such of the property as he can find, and recover in an appropriate action the value of the goods not found, or, more properly speaking, damages for the fraud. But such claim and action for the damages could not be based on the contract, and the action would not be for the contract price, but simply for the damages, measured by the value of the goods not found. This court knows of no decision or rule of law that will deprive a person of the right to retake such of his property, fraudulently obtained, as he can find in the possession of the wrongdoer, and then maintain an action against such wrongdoer for the value of that part disposed of. This is not an election of remedies, nor is it pursuing two inconsistent remedies, nor is it both an attempted affirmance and disaffirmance of the contract. It is a disaffirmance of the contract in toto, and such acts are not open to any other construction. See Welch v. Seligman, 72 Hun, 138, 25 N. Y. Supp. 363; Abb. N. Y. Cyclopedic Dig. 542. So in this proceeding in bankruptcy the petitioner had the right to demand a return of such of the goods fraudulently obtained as it found in the hands of the trustee, and, by any proper proceeding, to

compel such return, and also present and prove its claim for the value of the goods not found as damages, first, however, having the amount liquidated in the manner provided by the bankrupt act. The question is, did the petitioner put its claim in such form and take such proceedings as to indicate a purpose to affirm the contract and proceed thereunder? It is certain that this petitioner could not split its demand, and affirm the contract as to a part of the goods delivered on certain days, and repudiate as to the other part. An inspection of the bills for goods sold and delivered at the various dates referred to shows that this is what the petitioner has attempted to do. A careful reading of the claim presented also shows that the claim is made for the goods sold and delivered under the contract, and not merely for the value of goods obtained by fraud, or for the damages sustained by the fraud. Evidently the petitioner did not intend to elect to proceed under the contract for the whole of the goods sold and delivered to Hildebrant & Buchanan, less payment made, but to proceed to obtain a return of all the goods found, and procure the allowance of its claim for the balance of the account, under and pursuant to the terms of the contract. It made both claims and instituted both proceedings on the same day—May 6, 1901—but it did not disaffirm the contract, or attempt so to do, only in part, and this it could not do. By affirming it in the main, it must be treated as having affirmed it in toto. The petitioner has mistaken its remedy and procedure, and, while it seems hard that it should suffer for this error, the court sees no way to undo what has been done, or change the legal effect of the acts done. The authorities are decisive: Droege v. Ahrens & O. M. Co., 163 N. Y. 466, 57 N. E. 747; Mills v. Parkhurst, 126 N. Y. 89, 26 N. E. 1041, 13 L. R. A. 472; Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803; Conrow v. Little, 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693; Fowler v. Bowery Sav. B., 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479; Seavey v. Potter, 121 Mass. 297; Ormsby v. Dearborn, 116 Mass. 386; Acer v. Hotchkiss, 97 N. Y. 395; Missouri S. & L. Co. v. Rice et al., 28 C. C. A. 305, 84 Fed. 131.

It seems clear that the motion to confirm the report of the referee must be granted, and it is so ordered.