THE WINFIELD NATIONAL BANK V. THE RAILROAD LOAN AND SAVINGS ASSOCIATION.

No. 14,174. (81 Pac. 202.)

SYLLABUS BY THE COURT.

1. IMPLIED CONTRACT — *Misapplication of Funds — Condition Precedent.* The owner of real estate on which an elevator was in process of construction borrowed $1500 from a loan association, and secured its payment by a mortgage on the property. By agreement between the parties the money borrowed was to be applied to the payment of certain claims for material used and machinery put into the elevator, in order that the mortgage might not be subject to mechanics' liens. The mortgagee undertook to distribute the money, and

through a bank sent part of it to another bank, with directions to the latter that a certain claim against the contractor for machinery be paid. The receiving bank applied the amount to a debt owing to it by the contractor. A lien on the elevator property was afterward filed and foreclosed by the company furnishing the machinery. *Held*, that a recovery may be had by the mortgagee against the bank that misapplied the remittance, without showing that the plaintiff paid the claim for machinery or foreclosed its mortgage.

2. ———— *Nature of Action.* The petition examined and held to state a cause of action on an implied contract, and not in tort.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed June 10, 1905. Affirmed.

### STATEMENT.

ELSIE D. BONTZ, doing business as the Hutchinson Feed and Grain Company, was erecting an elevator in the city of Hutchinson. The contract for its construction had been let to one W. W. Lockwood, who was proceeding with the work. On July 13, 1899, through her husband and agent, A. N. Bontz, she borrowed from the Railroad Loan and Savings Association the sum of $1500, and secured its payment by executing a mortgage on the elevator property. There was an agreement between the loan company and Bontz that the $1500 should be used to pay any claims there might be against the elevator property for machinery or material furnished, so that it should be clear of all encumbrances, thus making the mortgage to defendant in error a first lien. Early in August, 1899, the Railroad Loan and Savings Association deposited in the First National Bank of Hutchinson $1403. A draft for this amount, and a receipted lumber bill for $473.41, were sent by the Hutchinson bank to the Winfield National Bank in a letter saying:

"Please deliver to Mr. W. W. Lockwood, when he properly executes the within affidavit, and delivers a

note of $1875, signed by the Hutchinson Feed and Grain Company, both of which kindly return to us."

The Winfield bank gave Lockwood credit for the amount of the draft, leaving him, as it claimed, still indebted to it for about $500. Lockwood testified that he was called into the Winfield National Bank by Mr. Otis, the cashier, who stated that he had received a draft for $1403, and a receipt from the White Lumber Company. Lockwood indorsed the draft, which was payable to his order, but refused to make the affidavit unless he received money enough to pay off a claim against the elevator held by the Barnard Machinery Company. The affidavit stated that all claims against the elevator property had been paid. He finally signed the affidavit, and swore to it before a notary in the bank, but refused to deliver it, carrying it away in his pocket. The following testimony of Lockwood is material:

"Q. Did you have any conversation with Mr. Otis about the payment of this Barnard Machinery Company's claim? A. Yes, sir.

"Q. State what that conversation was, and if any arrangement was made. A. Yes, sir. I was to receive the money for paying off the Barnard Machinery Company's claim, and some others; that is, I was to receive that before delivering the affidavit which I had signed. That was the consideration on which I signed the affidavit.

"Q. Was that the same consideration on which you indorsed the draft? A. Yes, sir.

"Q. That was the representation he made to you then to get you to indorse the draft at that time? A. Yes, sir; we had made that arrangement before that.

"Q. Did you ever deposit that draft to your account, or just leave it with them to collect? A. Just simply signed my name to it was all. I didn't know they would get the money on it until after I got my money for the bills."

There was abundant evidence showing that the officers of plaintiff in error had full knowledge of the pur-

poses for which the draft was received. The Winfield National Bank returned to the First National Bank of Hutchinson the note of the Hutchinson Feed and Grain Company for $1875, explaining also its failure to return the affidavit of Lockwood. The Barnard Machinery Company, not being paid, afterward filed a material-man's lien on the elevator property, which it foreclosed on April 25, 1902. This lien took priority over the mortgage of defendant in error, for the reason that the mortgage was executed after the machinery was furnished for the price of which the lien was filed.

This action was brought by the Railroad Loan and Savings Association against the Winfield National Bank to recover the damages sustained by the former by reason of the failure of the bank to apply part of the money sent to it by the First National Bank of Hutchinson in payment of the Barnard Machinery Company's claim, amounting to about $500. The petition contained the following allegations:

"That for the purpose of fraudulently appropriating the proceeds of said draft, to wit, fourteen hundred three ($1403) dollars to its own use, the said defendant promised the said Lockwood that if he would indorse said draft so that they could obtain the proceeds thereof they would pay the said claims, and the said Lockwood, relying upon the statements and promises of said defendant, indorsed said draft, and the said defendant immediately, and on the 10th day of August, 1899, had said draft presented and paid; that after the procurement of the proceeds of said draft the said defendant refused to pay said claims, and has ever since so refused, and falsely and fraudulently appropriated the same to its own use; that at the time of such appropriation of said draft to its own use the defendant knew that said Lockwood was indebted to the Barnard Machinery Company for a large sum of money, exceeding the sum of five hundred ($500) dollars, and that the said claim of the said Barnard Machinery Company was one that was to be paid from the proceeds of said draft, and for the pur-

pose of procuring the indorsement of the said Lockwood upon said draft promised the said Lockwood that it would pay said claims, which promise the said Lockwood believed and relied upon, but which the said defendant wholly failed to do."

It was alleged that a lien was filed and foreclosed by the Barnard Machinery Company against the property on which the loan company held its mortgage.

Plaintiff had judgment in a trial before the court, of which plaintiff in error complains.

*James McDermott, Jackson & Noble,* and *Roberts & Richardson,* for plaintiff in error.

*Fairchild & Lewis,* for defendant in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: It is objected that the petition failed to state a cause of action because it contained no averment that plaintiff paid the claim of the Barnard Machinery Company. Plaintiff in error contends that the mere fact that a judgment was rendered thereon against the contractor, Lockwood, and declared a lien on the elevator property superior to that of plaintiff's mortgage, was insufficient to show damage to the latter in the amount of such lien. Plaintiff below assumed the distribution of the amount it loaned to the Hutchinson Feed and Grain Company. The claim of the Barnard Machinery Company was provided for, and the money necessary to pay it was sent to the Winfield National Bank and the purpose of its transmission understood fully by the latter. It converted the amount to its own use. The loan association by its agreement to pay the several claims against the property that might ripen into liens became liable to the Barnard Machinery Company for the amount of the latter's demand against Lockwood. It attempted to pay it through the agency of plaintiff in error. The

proceeds of the draft sent to Winfield belonged to the loan association. After converting a portion of it defendant could not defeat this action by asserting that plaintiff might have collected the amount the former withheld by foreclosing the mortgage on the elevator, thus causing the mortgagor to suffer for the wrongful conduct of the Winfield bank. It is no answer for it to say that the loan association might have collected the amount of the claim from some other person. The purpose the loan association had in distributing the money was that its mortgage might be a first lien on the property mortgaged. This purpose was defeated by the defendant bank. The action was not begun prematurely.

The contention that the statute of limitations barred a right of recovery cannot be sustained. Plaintiff below pleaded all the facts. A cause of action founded on an implied contract was stated. (*K. P. Rly. Co. v. Kunkel*, 17 Kan. 145; *Smith v. McCarthy*, 39 id. 308, 18 Pac. 204; *Guernsey v. Davis*, 67 id. 378, 73 Pac. 101; *Missouri Savings & Loan Co. v. Rice*, 28 C. C. A. 305, 84 Fed. 131; Pom. Code Rem., 4th ed., §§ 453-559.) The bank received and appropriated the money less than three years before the petition was filed.

Counsel insist that the only misconduct complained of on the part of the bank was its failure to return Lockwood's affidavit, as evidenced by the letter transmitting the draft and affidavit. Its default was more than this. The affidavit was to furnish proof that the machinery claim had been paid. The only fund out of which it could be paid was in the hands of plaintiff in error. It was the duty of the bank to put Lockwood in a position where he could testify truthfully in the affidavit that the claim was out of the way of the loan company's mortgage. This it did not do. The directions in the letter from the First National Bank of Hutchinson were to be acted on by the Winfield bank

in connection with the understanding it had with Lockwood that the claim in question was to be discharged.

The court has given attention to the other claims of error presented by counsel but finds nothing justifying a reversal of the judgment. It is affirmed.

All the Justices concurring.