## In re KAPLAN & MYERS.

(District Court, M. D. Pennsylvania.   October 3, 1916.)

### No. 3068.

BANKRUPTCY ☞363—RECLAMATION OF PROPERTY—ELECTION.

    One who has filed and proved a claim as a creditor for goods sold to the bankrupt cannot thereafter reclaim the goods without withdrawing his claim, and without proof that it was filed in ignorance of the essential facts. He is required to elect whether to affirm or disaffirm the sale, and the election, once made with knowledge of the facts, is conclusive.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 550–554; Dec. Dig. ☞363.]

In Bankruptcy. In the matter of Kaplan & Myers, bankrupts. On exceptions to report of special master in reclamation proceedings. Exceptions sustained, and petition for reclamation dismissed.

William Jenkins Wilcox, of Scranton, Pa., for claimant.
A. V. Bower and E. C. Amerman, both of Scranton, Pa., for trustee.

WITMER, District Judge. Kaplan & Myers, who were engaged in business at Scranton, Pa., manufacturing garments, and selling to jobbers and retail merchants, were on December 31, 1915, adjudicated involuntary bankrupts on a petition filed October 30, 1915. Frederick Vietor & Achilles, the petitioners in this proceeding, on February 3, 1916, filed and proved their claim as general creditors against the bank-

rupt for goods sold to them at different times between January 29, 1915, and the filing of the petition, aggregating $1,249.63. The proof of claim bears on its face the following indorsement:

"That the filing of this claim is not to be construed as a waiver of the right of said claimant to follow any of this merchandise, in whatsoever hands it may be, including the trustee in bankruptcy, providing the same was delivered through misrepresentation."

Thereafter, on February 21st, the claimant filed an intervening petition, setting forth that the goods, being of the same goods to the amount of $886, on account of which they had filed and proved their claim as a creditor, had been purchased from them by the bankrupt upon false representation concerning their financial condition, on which they relied in making the sale; wherefore the petitioners averred that they were entitled to the possession of the goods, praying that the trustee be directed to return the same to them. The petition contained no allegation as to the time discovery of the fraud was ascertained, nor was there an offer to withdraw the claim already proven and filed.

The referee found from the testimony taken that the claimants, Frederick Victor & Achilles, sold the goods on credit to the bankrupts, having been so induced by the false and fraudulent representations suggested, and that therefore, upon their election, they might repudiate the sale and recover the goods. For revision of an order accordingly entered the trustee had the matter certified.

Without interfering with the findings of fact of the referee, it remains to be determined whether as a matter of law, under the circumstances of the case, the petitioners ought to be permitted to reclaim the goods, having proven and filed their claim for the same, without withdrawing such claim, and without proof that such was filed in ignorance of their rights, or of facts which were not in their possession when their claim was filed, and of which they were then conscious when they presented their petition for reclamation. Their petition did not only fail to claim that the petitioners had through ignorance and inadvertence proven their claim, but the reservation appearing in their proof of claim, and the allusion to the alleged misrepresentations are a sufficient indication, in the absence of such allegation, prima facie, to support the conclusion that the petitioners had as much information of the essential facts upon which they relied when they made their proof of claim as when they filed their petition.

This case must be judged by what was done when the proof of claim was filed, or when the petition to reclaim was presented. The parties must be held to an affirmance of their contract, or a repudiation of the same, though such does not appear to have been their intention, if their purpose may be gathered from the course pursued. Apparently it is their intention to hold fast to both—to their proof of claim and to their proceeding to reclaim the goods. This they cannot do. They cannot have the proceeds of the sale, and likewise the goods that passed as a consideration. The remedies to accomplish this are in opposition, and required prompt election by the parties. Standard Varnish Works v. Haydock, Trustee, etc., 143 Fed. 318, 74 C. C. A. 456, 16 Am. Bankr. Rep. 286; In re Douglas C. Kenyon (D. C.) 19

Am. Bankr. Rep. 194, 156 Fed. 863. Upon this principle it was held, in Re Hildebrant (D. C.) 10 Am. Bankr. Rep. 184, 120 Fed. 992:

"That a vendor could not affirm the contract of sale as to part of the goods, and claim the price and disaffirm as to another part, and recover the goods in specie."

And, having made his election under such circumstances, the vendor makes it once for all. This, of course, implies knowledge of his rights and full possession of the required facts. If, after reserving their right, as indicated in their proof of claim, to follow the goods on discovery of certain facts, it would have been afterwards made to appear that such particular facts had been ascertained, and having indicated a desire to change about from an affirmance of the contract to a rescission of the same, the case might be held in line with what was decided in Thomas v. Taggart, 209 U. S. 392, 28 Sup. Ct. 519, 52 L. Ed. 845, where it was held that proof of claim of a customer against a broker, including value of securities deposited as collateral, does not amount to a waiver of his right to recover possession of the specific stocks, after discovery that the shares had been returned to the assignee in bankruptcy, where his claim specifically states that he does not waive such right of possession.

The situation before us is not of a change of remedies founded upon after-discovered facts as made to appear when the petition to reclaim was filed, but to the fact that the petitioners deliberately had elected a remedy inconsistent with the claim they now make without assigning any reason therefor, notwithstanding the statement of the learned referee that "the claimants, within a period of two weeks after their claim had been filed, giving knowledge of the fraud perpetrated upon them, they instituted these reclamation proceedings." There is nothing in the petition or the proof adduced supporting this finding, but the bare fact that a petition to reclaim was presented based on allegations of fraud, which in my opinion, under the circumstances, is not sufficient to warrant the conclusion.

In view of what has been indicated, it will not be necessary to discuss the original title of claimants to the goods sought to be reclaimed, which, to the greater portion, by a cursory examination is revealed as very doubtful.

The order of the referee is reversed, and the petition is dismissed.